CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THEODORE WASHINGTON, ) | Civil Action No. 7:13cv00210 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HEALTH CARE PROVIDERS FOR ) | |
| VA. DEPT. OF CORRECTIONS *et al.*, ) | |
| ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Theodore Washington, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against various unidentified healthcare providers for the Virginia Department of Corrections ("VDOC"), Warden Carl Manis, VDOC Director Harold Clarke, and VDOC itself. Washington has supplemented his § 1983 complaint-form with medical records purporting to describe a hand injury he received.

Under 28 U.S.C. § 1915A, district courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in doing so, the court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the

parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Here, Washington has failed to allege any facts that state a plausible claim to relief, and he has completely failed to connect any particular wrong to any particular defendant. Instead, Washington has attached to his § 1983 complaint-form a number of medical records[1] and an administrative grievance and urged the court in his complaint to "see attached." While the pleading rules do not impose an exacting standard on Washington, he must offer some foothold on which the defendants can base an answer or on which the court can base a judgment. Accordingly, the court dismisses Washington's complaint without prejudice for failure to state a claim.

**ENTER:** April 30, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that it has reviewed the medical records Washington submits and found that, based on the injury and treatment described in the records and without additional evidence to support his claims of negligence and deliberate indifference, Washington received adequate care for his medical condition.